CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 30 2014

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ROBIN L. WALKER, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 7:12CV00470 |
| | ) |
| v. | ) **MEMORANDUM OPINION** |
| | ) |
| MOD-U-KRAF HOMES, LLC, | ) By: Hon. Glen E. Conrad |
| | ) Chief United States District Judge |
| Defendant. | ) |

This case is presently before the court on the defendant's bill of costs, filed pursuant to Rule 54(d)(1) of the Federal Rules of Civil Procedure. For the reasons that follow, the court will award the defendant costs in the amount of $3,071.13.

## Procedural History

The plaintiff filed this employment discrimination action against the defendant on October 3, 2012. On December 19, 2013, the court granted the defendant's motion for summary judgment. The plaintiff appealed the decision to the United States Court of Appeals for the Fourth Circuit, and that appeal remains pending.

On April 17, 2014, the defendant filed a bill of costs in the amount of $3,311.13, pursuant to Rule 54(d)(1) of the Federal Rules of Civil Procedure. On April 18, 2014, the plaintiff filed objections to the bill of costs. The court held a hearing on the matter on May 22, 2014.

## Summary of the Applicable Law

"Under Rule 54(d)(1) of the Federal Rules of Civil Procedure, costs 'should be allowed to the prevailing party' unless a federal statute provides otherwise." Williams v. Metro Life Ins. Co., 609 F.3d 622, 636 (4th Cir. 2010) (quoting Fed. R. Civ. P. 54(d)(1)). Thus, the rule "creates the presumption that costs are to be awarded to the prevailing party." Cherry v. Champion Int'l

Corp., 186 F.3d 442, 446 (4th Cir. 1999). Although the court has the discretion to deny an award of costs, it must "articulate some good reason for doing so," in order to "overcome the presumption." Id. (internal citation and quotation marks omitted). "Among the factors that justify denying an award of costs are: (1) misconduct by the prevailing party; (2) the unsuccessful party's inability to pay the costs; (3) the excessiveness of the costs in a particular case; (4) the limited value of the prevailing party's victory; or (5) the closeness and difficulty of the issues decided." Ellis v. Grant Thornton LLP, 434 F. App'x 232, 235 (4th Cir. 2011). Although the unsuccessful party's "good faith in pursuing an action is a virtual prerequisite to receiving relief from the normal operation of Rule 54(d)(1), that party's good faith, standing alone, is an insufficient basis for refusing to assess costs against that party." Id. (internal citation and quotation marks omitted).

The particular expenses that may be taxed as costs under Rule 54(d)(1) are set forth in 28 U.S.C. § 1920. That statute provides, in pertinent part, as follows:

A judge or clerk of any court of the United States may tax as costs the following:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title; and

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

## Discussion

### I. The timeliness of the bill of costs

In opposing the defendant's bill of costs, the plaintiff first argues that it was not timely filed. For the following reasons, the court is unable to agree.

Rule 54(d) of the Federal Rules of Civil Procedure includes two separate provisions for costs: costs other than attorney's fees under Rule 54(d)(1), and attorney's fees and related nontaxable expenses under Rule 54(d)(2). Unlike Rule 54(d)(2), which expressly provides that a motion for attorney's fees must be filed within 14 days after the entry of judgment unless a statute or a court order provides otherwise, Rule 54(d)(1) "does not prescribe a specific time limit for seeking costs, and the local rules of the Western District of Virginia are silent on the issue." Ratcliff v. ABC Television & Appliance Rental, Inc., No. 7:04CV00757, 2006 U.S. Dist. LEXIS 3577, at *2 (W.D. Va. Jan. 20, 2006); see also Alexander v. Weiner, No. 09-10776-JLT, 2013 U.S. Dist. LEXIS 154536, at *8 (D. Mass. Oct. 9, 2013) ("Under Rule 54(d)(1) there is no requirement mandating when the motion for taxation of costs must be filed."). "Thus, a party need only seek costs within a reasonable time which does not transgress the general dictate of Federal Rule of Civil Procedure 1 that the rules 'be construed and administered to secure the just, speedy, and inexpensive determination of every action.'" Ratcliff, 2006 U.S. Dist. LEXIS 3577, at *2.

In this case, the defendant filed the bill of costs approximately four months after the court granted its motion for summary judgment. The court finds that the four-month delay was not unreasonable and that allowing the defendant to recover costs under Rule 54 would not offend Rule 1. Compare Id. (allowing party to recover costs despite two-month delay), with United States v. Pinto, 44 F.R.D. 357, 359 (W.D. Mich. 1968) (disallowing costs due to four-year delay).

3

## II. The presumption in favor of awarding costs

The court further finds that the plaintiff has not identified any circumstances sufficient to overcome the presumption in favor of awarding costs to the prevailing party. In her objections to the bill of costs, the plaintiff claims that she "cannot afford to pay any costs" to the defendant. Objections 3; ECF No. 58. However, the only evidence in the record that the plaintiff cites to support this argument is her deposition testimony indicating that she earns $8.11 per hour working as a teacher's assistant for the Franklin County Public Schools.[1] On this record, the court is unable to conclude that the plaintiff is indigent or otherwise lacks the ability to pay the full measure of appropriate costs. The court agrees with the defendant that the circumstances of this case stand in stark contrast to those in Musick v. Dorel Juvenile Grp., Inc., No. 1:11CV0005, 2012 U.S. Dist. LEXIS 17734 (W.D. Va. Feb. 3, 2012), on which the plaintiff relies, and that they are more in line with those in Arthur v. Pet Dairy, 6:11CV00042, 2013 U.S. Dist. LEXIS 169768 (W.D. Va. Dec. 2, 2013), in which the district court held that the plaintiff's alleged inability to pay did not justify "taking the unusual step" of denying the defendant's bill of costs. Compare Musick, 2012 U.S. Dist. LEXIS 17734, at *3 (finding that the family of a young child who suffered a serious brain injury did not have the ability to pay a bill of costs, given their "meager financial resources, as well as [the] unchallenged testimony . . . that it [would] cost around $9 million to provide care to [the child] over the course of her life"), with Arthur, 2013 U.S. Dist. LEXIS 169768, at *6 (finding that the plaintiff's allegations of hardship were insufficient to overcome the

---

[1] During her deposition, the plaintiff testified that she loves her current job, that it provides better health insurance coverage, and that she plans to continue in her position rather than seeking higher-paying work. The plaintiff also testified that she lives with her boyfriend and that she has never had to file for bankruptcy. Additionally, the record reveals that in October of 2010, less than a year before she was terminated by the defendant, the plaintiff received a lump sum settlement totaling $10,000.00 for a workplace injury that she sustained at another place of employment.

4

presumption of awarding costs, where the plaintiff stated in his deposition that he earned $8.00 an hour and received Social Security benefits).

The plaintiff also appears to suggest that the bill of costs is excessive. She claims that the defendant "padded its costs by requesting an award of costs for items that are not recoverable," and that the bill of costs should be denied in its entirety on this ground. Objections 2; ECF No. 58. While the court is of the opinion that a small portion of the costs requested by the defendant is not recoverable for the reasons discussed infra, the court is convinced that the bill of costs is not excessive on its face. See, e.g., Arthur, 2013 U.S. Dist. LEXIS 16978, at *7 (concluding that a $3,131.87 bill of costs filed by a defendant that prevailed on summary judgment in an employment discrimination case did not appear to be excessive).

For these reasons, and because no other factor weighs in the plaintiff's favor,[2] the court finds that the circumstances in this case are not sufficient to overcome the presumption that favors awarding costs to the prevailing party.

### III. The costs requested by the defendant

The particular costs at issue in this case can be divided into four categories, of which two are challenged in the plaintiff's objections.[3] The first category in dispute includes $240.00 in service fees paid to the Franklin County Sheriff's Department and a private process server. Such fees are not included in the list of taxable costs set forth in 28 U.S.C. § 1920. Instead, § 1920(1) only refers to the "[f]ees of the clerk and marshal." While some courts have interpreted this

---

[2] The plaintiff does not contend that the defendant engaged in litigation misconduct, or that the defendant's success on summary judgment was of limited value. Moreover, the court is of the opinion that the underlying issues were not so close or complex as to justify denying an award of costs.

[3] The plaintiff has not objected to the deposition transcript fees for which the defendant seeks reimbursement, or the witness fees paid to Raymond Cassidy. In any event, the court finds that the deposition transcripts were "necessarily obtained for use in the case" and, thus, that the transcript fees are taxable under § 1920, as are the requested witness fees. See 28 U.S.C. § 1920(2) & (3).

5

provision to include service fees paid to someone other than the marshal,[4] this court is constrained to apply the statute as written. "Because the plain language of § 1920(1) does not expressly allow for the recovery of private process fees," the court declines to tax those fees in this case. Mayse v. Mathyas, No. 5:09CV00100, 2010 U.S. Dist. LEXIS 103393, at *12 (W.D. Va. Sept. 28, 2010); see also Kelley v. Little Charlie's Auto Sales, No. 4:04CV00083, 2006 U.S. Dist. LEXIS 59171, at *7 (W.D. Va. Aug. 22, 2006) ("[T]he plain language of § 1920(1) only applies to fees paid to the clerk and marshal. Because the language of § 1920(1) is clear and unambiguous on its face, I am loath to read anything additional into the statute."). Likewise, the court declines to tax the service fees paid to the Franklin County Sheriff's Department. See Bunda v. Potter, No. C03-3102, 2006 U.S. Dist. LEXIS 3932, at *7-20 (N.D. Iowa Jan. 31, 2006) (holding that the expenses associated with the service of subpoenas by various county sheriffs' offices were not recoverable under 28 U.S.C. § 1920(1), and emphasizing that "[i]f the statute is out of date or contrary to Congress's intent, it is within the province of the legislature, not the judiciary, to amend the statute"). Accordingly, the defendant's bill of costs will be reduced by $240.00.

The second category of challenged expenses includes $262.84 in printing and/or copying expenses incurred by the defendant. Subsection (4) of 28 U.S.C. § 1920 allows for recovery of "[f]ees for exemplification and copies of papers necessarily obtained for use in the case." 28 U.S.C. § 1920(4). This provision encompasses a number of expenses, including the costs of producing discovery-related copies, trial exhibits, and courtesy copies for the court. See, e.g., Country Vintner of N.C., LLC v. E. & J. Gallo Winery, Inc., 718 F.3d 249, 257 (4th Cir. 2013) (holding that "the plain language and weight of authority establish that the costs of

---

[4] See Mayse v. Mathyas, No. 5:09CV00100, 2010 U.S. Dist. LEXIS 103393, at *10-11 (W.D. Va. Sept. 28, 2010) (recognizing that "[w]hile the Fourth Circuit has not addressed the issue, other courts are split on whether this provision may be read to include fees for private process servers").

exemplifications and copies in discovery are taxable under § 1920(4)," including the cost of "burning . . . files onto discs," and "rejecting [the] contention that § 1920(4) applies only to the costs related to materials attached to dispositive motions or produced at trial"); Taylor v. Republic Servs., Inc., No. 1:12-cv-00523-DBL-IDD, 2014 U.S. Dist. LEXIS 11086, at *35 (E.D. Va. Jan. 29, 2014) (awarding costs for "the reproduction of print electronic data, trial exhibits, and internal copies of trial exhibits, including color copies"); Cook v. Magellan Health Servs., Inc., No. 1:12cv1084, 2013 U.S. Dist. LEXIS 69916, at *9 (E.D. Va. May 15, 2013) (awarding costs for producing copies of potential trial exhibits, even though the case was decided on summary judgment); Simmons v. O'Malley, 235 F. Supp. 2d 442, 444 (D. Md. 2002) (explaining that taxable copying expenses include "copies furnished to the court"). Because the copy costs requested by the defendant fall within these categories, and have been shown to be necessary for use in the case, the full amount requested by the defendant will be taxed against the plaintiff.

In accordance with the rulings set forth above, the court will reduce the defendant's bill of costs by $240.00. The remaining expenses outlined in the defendant's bill of costs, totaling $3,071.13, will be taxed against the plaintiff. However, for the reasons stated during the hearing, the payment of the costs will be stayed pending the outcome of the plaintiff's appeal.

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to all counsel of record.

ENTER: This 30th day of May, 2014.

_____
Chief United States District Judge