CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 17 2015

JULIA C. DUDLEY, CLERK
BY:
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ROBIN L. WALKER, | ) |
| Plaintiff, | ) Civil Action No. 7:12CV00470 |
| v. | ) **MEMORANDUM OPINION** |
| MOD-U-KRAF HOMES, LLC, | ) By: Hon. Glen E. Conrad |
| | ) Chief United States District Judge |
| Defendant. | ) |

This case is presently before the court on the defendant's bill of costs, filed pursuant to Rule 54(d)(1) of the Federal Rules of Civil Procedure. For the reasons that follow, the court will award the defendant costs in the amount of $2,402.70.

## Procedural History

On October 3, 2012, the plaintiff filed this action against the defendant, her former employer, claiming that she was subjected to a sexually hostile work environment and retaliation, in violation of Title VII of the Civil Rights Act of 1964. On December 19, 2013, the court granted summary judgment to the defendant on both claims.

The plaintiff appealed the court's decision to the United States Court of Appeals for the Fourth Circuit. On December 23, 2014, the Fourth Circuit vacated the court's grant of summary judgment on the hostile work environment claim and remanded that claim for further proceedings. The Fourth Circuit affirmed the grant of summary judgment on the retaliation claim.

The hostile work environment claim proceeded to trial on April 21, 2015. The jury returned a verdict in favor of the defendant on April 23, 2015, and the court entered the final judgment that same day.

The case is now before the court on the defendant's request for an award of costs in the amount of $5,753.85. The matter has been fully briefed and is ripe for review.

## Summary of the Applicable Law

"Under Rule 54(d)(1) of the Federal Rules of Civil Procedure, costs 'should be allowed to the prevailing party' unless a federal statute provides otherwise." Williams v. Metro Life Ins. Co., 609 F.3d 622, 636 (4th Cir. 2010) (quoting Fed. R. Civ. P. 54(d)(1)). Thus, the rule "creates the presumption that costs are to be awarded to the prevailing party." Cherry v. Champion Int'l Corp., 186 F.3d 442, 446 (4th Cir. 1999). Although the court has the discretion to deny an award of costs, it must "articulate some good reason for doing so," in order to "overcome the presumption." Id. (internal citation and quotation marks omitted). "Among the factors that justify denying an award of costs are: (1) misconduct by the prevailing party; (2) the unsuccessful party's inability to pay the costs; (3) the excessiveness of the costs in a particular case; (4) the limited value of the prevailing party's victory; or (5) the closeness and difficulty of the issues decided." Ellis v. Grant Thornton LLP, 434 F. App'x 232, 235 (4th Cir. 2011). Although the unsuccessful party's "good faith in pursuing an action is a virtual prerequisite to receiving relief from the normal operation of Rule 54(d)(1), that party's good faith, standing alone, is an insufficient basis for refusing to assess costs against that party." Id. (internal citation and quotation marks omitted).

The particular expenses that may be taxed as costs under Rule 54(d)(1) are set forth in 28 U.S.C. § 1920. That statute provides, in pertinent part, as follows:

A judge or clerk of any court of the United States may tax as costs the following:

    (1)    Fees of the clerk and marshal;

    (2)    Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

2

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title; and

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

## Discussion

### I. The presumption in favor of awarding costs

Upon review of the record, the court finds that the plaintiff has not identified any circumstances sufficient to overcome the presumption in favor of awarding costs to the prevailing party. In her objections to the defendant's bill of costs, the plaintiff claims that she cannot pay the costs the defendant is seeking. However, the only evidence in the record that the plaintiff cites to in support of this argument is her deposition testimony indicating that she earns $8.11 per hour working as a teacher's assistant for the Franklin County Public Schools.[1] On this record, the court is unable to conclude that the plaintiff is indigent or otherwise lacks the ability to pay the full measure of appropriate costs. The court agrees with the defendant that the circumstances of this case are distinguishable from those in Green v. Winchester Med. Ctr., No. 5:13CV00064, 2015 U.S. Dist. LEXIS 5895 (W.D. Va. Jan. 20, 2015), on which the plaintiff relies, and that they are more in line with those in Arthur v. Pet Dairy, No. 6:11CV00042, 2013 U.S. Dist. LEXIS 169768

---

[1] During her deposition, the plaintiff testified that she loves her current job, that it provides better health insurance coverage, and that she plans to continue in her position rather than seeking higher-paying work. The plaintiff also testified that she lives with her boyfriend and that she has never had to file for bankruptcy. Additionally, the record reveals that in October of 2010, less than a year before she was terminated by the defendant, the plaintiff received a lump sum settlement totaling $10,000.00 for a workplace injury that she sustained at another place of employment.

3

(W.D. Va. Dec. 2, 2013), in which the district court held that the plaintiff's alleged inability to pay did not justify "taking the unusual step" of denying the defendant's bill of costs. Compare Green, 2015 U.S. Dist. LEXIS 5895, at *7 (finding that the plaintiff in a medical malpractice case did not have the ability to pay a bill of costs, where the evidence presented by the plaintiff indicated that her permanent injury substantially reduced her present and future earnings potential as a low-wage grocery worker, and that she was personally paying for the cost of obtaining a community college degree), with Arthur, 2013 U.S. Dist. LEXIS 169768, at *6 (finding that the plaintiff's allegations of hardship were insufficient to overcome the presumption of awarding costs, where the plaintiff stated in his deposition that he earned $8.00 an hour and received Social Security benefits).

The plaintiff also claims that an award of costs is inappropriate because her former supervisor, Wayne Craiger, testified falsely for the defendant at trial. To support this argument, however, the plaintiff relies solely on a one-page excerpt of a document containing a handwritten note by an unidentified person, which was part of the Virginia Employment Commission's record for the plaintiff's 2011 claim for unemployment benefits.[2] Because the use of such information in judicial proceedings is prohibited by Virginia law, the court declines to consider the exhibit submitted by the plaintiff. See Va. Code §§ 60.2-114 & 60.2-623; see also Harris v. Reston Hosp. Ctr., LLC, No. 12-1544, 2013 U.S. App. LEXIS 8323, at *18 n.7 (4th Cir. Apr. 24, 2013) (noting that the district court properly disregarded statements taken from administrative proceedings before the Virginia Employment Commission). In the absence of any admissible evidence in this regard, the court is unable to find that the defendant or any of its witnesses engaged in conduct at trial that would warrant denying an award of costs.

---

[2] The handwritten note on the document states as follows: "This is Wayne Craiger's statement to the Virginia Employment Commission on First Appeal. Wayne was supervisor at Mod-U-Kraf Homes. This shows that there was [sic] sexual comments made." Pl.'s Ex. 1.

4

For these reasons, and because no other factor weighs in the plaintiff's favor, the court finds that the circumstances in this case are not sufficient to overcome the presumption that favors awarding costs to the prevailing party.

II.     **The costs requested by the defendant**

The particular costs at issue in this case include: (1) $809.91 in witness fees and mileage expenses; (2) $4,610.75 in transcript fees; (3) $233.19 in printing and copying costs; and (4) a $100.00 conference room reservation fee. The court will address each category in turn.

A.      **Witness fees and mileage expenses**

The defendant seeks to recover $809.91 in witness fees and mileage expenses. A prevailing party may recover fees for witnesses under 28 U.S.C. § 1920(3). Available expenses include attendance and mileage fees, as specified in 28 U.S.C. § 1821. The attendance fee for witnesses is $40.00 per day. 28 U.S.C. § 1821(b). Additionally, witnesses who travel by privately owned vehicle are entitled to be paid "[a] travel allowance equal to the mileage allowance which the Administrator of General Services has prescribed, pursuant to [5 U.S.C. § 5704], for official travel of employees of the Federal Government[.]" 28 U.S.C. § 1821(c)(2). The standard mileage rate for 2015 is 57.5 cents per mile. See 5 U.S.C. § 5704; Internal Revenue Service Bulletin 2014-53 (Dec. 29, 2014), available at http://www.irs.gov/irb/2014-53_IRB/ar08.html.

In this case, the defendant seeks to recover attendance and mileage fees paid to eight of the plaintiff's former co-workers and/or supervisors, who were called to testify at trial. The court is of the opinion that all of these witnesses were reasonably necessary and, thus, that their attendance and mileage fees are allowable. However, the court declines to tax the fees paid to Mary Jane

5

Johnson, Jeffrey Manning, and Connie Young, since the defendant elected not to call these individuals as witnesses. Accordingly, the defendant's bill of costs will be reduced by $221.56 for the costs associated with their appearance.

B. **Transcript fees**

The next category of expenses includes $4,610.75 in fees paid for obtaining a transcript of the pretrial motions hearing, an expedited transcript of the deposition of Nancy Davis, and daily trial transcripts.

Section 1920 allows a court to tax as costs "fees for printed or electronically recorded transcripts necessarily obtained for use in the case." 28 U.S.C. § 1920(2). Applying this standard, the court finds that the transcript of the pretrial motions hearing was necessarily obtained for use in preparing for trial, since the court ruled in open court on a number of the issues raised in the parties' motions in limine and in the defendant's objections to the plaintiff's witness and exhibit list. Likewise, the court finds that the defendant was necessarily required to obtain an expedited transcript of the deposition of Nancy Davis, who testified on behalf of the plaintiff at trial. The court permitted the defendant to depose Davis out of time, within days of trial, since the plaintiff failed to provide the defendant with a copy of an affidavit signed by Davis prior to the deadline for completing discovery.

On the other hand, the court declines to tax the costs of the daily trial transcripts ordered by the defendant. While the transcripts may have been helpful to defense counsel in preparing for various aspects of trial, the court is unable to conclude that they were necessary in this particular case. As such, the defendant's bill of costs will be reduced by $2,904.00.

6

C. **Printing and copying costs**

The next category of requested costs includes $233.19 in printing and copying expenses incurred by the defendant. The costs of printing copies of documents are reimbursable under 28 U.S.C. § 1920 when they are "necessarily obtained for use in the case." 28 U.S.C. § 1920(4). Applying this standard, the court declines to tax the amount paid for the preparation of a black and white enlargement mounted on foam core board, which the defendant had potentially planned to use at trial. The court likewise declines to tax the amount paid for printing two courtesy color copies of Kathryne McDaniel's deposition transcript. While the color copies may have been helpful in distinguishing the parties' respective deposition designations, the court is unable to conclude that they were necessary for purposes of § 1920(4). Accordingly, the defendant's bill of costs will be further reduced by $125.59.

D. **Conference room fee**

The final expense for which the defendant seeks reimbursement is the $100.00 cost incurred in reserving a conference room in Rocky Mount, Virginia for use in preparing certain witnesses for trial. The defendant does not cite any case law to support this request. A review of relevant case law reveals that courts often decline to pass such expenses on to the non-prevailing party. See, e.g., McIlveen v. Stone Container Corp., 910 F.2d 1581, 1584 (7th Cir. 1990) (affirming the denial of a request for reimbursement of the cost of renting a conference room); Powell v. Wheelis, No. 203-195, 2006 U.S. Dist. LEXIS 16814, at *8 (S.D. Ga. Apr. 5, 2006) ("Although the case law on the matter is scant, most courts agree that the cost of renting a conference room for a deposition is not recoverable, as it is an ordinary business expense.") (citing cases). In the present case, the court likewise finds it inappropriate to tax the reservation fee against the plaintiff.

7

## Conclusion

In accordance with the rulings set forth above, the court will reduce the defendant's bill of costs by $3,351.15. The remaining costs, totaling $2,402.70 will be taxed against the plaintiff.

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to all counsel of record.

ENTER: This 17th day of July, 2015.

*/s/ Glen Conrad*

Chief United States District Judge